RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 2 / 23 / 12
    GB

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTON 12-45 |
| VERSUS | JUDGE HAIK |
| PHILLIP ANTHONY SESSA | MAGISTRATE JUDGE HANNA |

## RULING

Before the Court is a Motion for Emergency Stay and Review and Revocation of a Release Order (Doc. #3). The Court previously stayed the release of the defendant pending a hearing on the matter. A Hearing was held this date and testimony was presented regarding the defendant's detention. The Court has reviewed all of the materials submitted, and considered the testimony and arguments presented today. For the following reasons, this Court hereby **REVOKES** the order of the U.S. Magistrate Judge in the District of Maryland and **ORDERS** the defendant detained pending Trial in this matter:

On November 19, 2011, the defendant was arrested and booked into St. Landry Parish Jail on 100 counts of Possession of Child Pornography in violation of L.R.S. 14:83.1. This charge was the result of the initial on-scene preview of the defendant's computer and digital equipment conducted by the Louisiana State Police and the St. Landry Parish Sheriff's Office following the execution of a search warrant. The defendant admitted the materials belonged to him. The State authorities contacted a Special Agent with the Department of Homeland Security to report the circumstances of the investigation.

An initial forensic examination of the defendant's computer revealed over 100,000 images and videos confirmed to be child pornography and child erotica on hard drives and compact discs belonging to the defendant. These images primarily included young boys. The testimony presented today revealed that the investigation is continuing and the agents are in the process of reviewing up to 500,000 images. The Assistant United States Attorney noted this is likely the largest collection of child pornography seen in the Western District of Louisiana.

On or around December 23, 2011, the defendant was released from the St. Landry Parish Jail and returned to Maryland. During the defendant's release, he was unemployed and living with his mother and sister in an apartment. The defendant's girlfriend and her three young boys live in the same apartment complex. The girlfriend's children attend regular therapy sessions at the Kennedy Krieger Institute for children with brain disorders. The oldest child, David, is fourteen (14) with the mental capacity of a five (5) year old. It has been reported that the defendant had numerous unsupervised overnight visits with the two oldest boys during his release. Further, the testimony of the Agent today revealed the child interviewer with the Maryland Department of Social Services believed the children were "coached" in their responses and were not completely truthful when they were interviewed regarding the defendant. The defendant's girlfriend was reportedly unconcerned about the child pornography or the defendant's access to her minor children.

On January 26, 2012, a warrant of arrest was issued out of the Western District of Louisiana following a complaint charging the defendant with Possession of Child Pornography, in violation of 18 USC section 2252(a)(5)(B). Following his arrest in Maryland, the US Magistrate Judge for the District of Maryland denied the Government's request to detain the defendant pending removal and trial in the Western District of Louisiana. Jurisdiction to review

the order of release lies with the Court having original jurisdiction over the offenses, pursuant to 18 USC section 3145(a)(1). A review of an order such as this is considered *de novo* and is not confined to an abuse of discretion or deference to the prior judicial officer. *United States v. Thibodeaux, 663 F.2d. 520 (5th Cir. 1981).*

That is, this Court may proceed as it sees fit in determining whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. *See 18 USC section 3142.* In making this determination, the Court has taken into account the factors set forth in 18 USC section 3142(g). As to the nature and circumstances of the offense, this crime involves minor victims of child abuse. The defendant collected massive amounts of child pornography and child erotica, resulting in each minor depicted in those images becoming a victim. Further, although there is no evidence at this time of any physical abuse of minor victims by the defendant personally, there is an ongoing investigation and forensic examination which must be completed before it can be determined such activity did or did not take place. Secondly, the weight of the evidence against the defendant is heavy given the materials found, the location of the materials, and his confession.

The history and characteristics of this defendant are concerning given he is unemployed; has a history of depression; sporadic ties to the community; very limited financial resources; a history of substance abuse; a lack of significant residence in the community; and no spouse or children. Additionally, there is evidence suggesting the defendant may have continued to violate the law by accessing child pornography upon his return to Maryland. Further, the Court finds the community as a whole, as well as individuals, would be at risk should this defendant be released. The defendant has reported a close relationship with his mother and sister, but the Court does not

find this relationship alone overcomes the other factors set forth.

The Court does not find that any condition or combination of conditions exist to meet the requirements in this case. The Court finds there are several factors which qualify the defendant as a flight risk. They are:

1. **The lack of community ties**: It was argued that the defendant has ties to his mother and sister in Maryland and that he returned to his home in Maryland without incident following his initial arrest, but the Court is not fully convinced that those ties are strong enough to ensure compliance. Other than Carrie Sessa, his sister, and Rella Sessa, his mother, volunteering to act as third party custodians for home incarceration, no strong evidence of family relationships was presented. Secondly, for reasons which are unclear at this time, the defendant sought employment in Louisiana, rather than remaining in Maryland, where it was argued he has strong ties.

2. **Lack of employment**: The defendant is unemployed and has reported no other community ties other than the family ties discussed above.

3. **Substance Abuse**: The defendant has a history of substance abuse, which places him at more of a risk for non-appearance.

4. **Mental Health Issues**: The defendant has a history of Depression and is currently taking medication for his condition. This fact places the defendant at a higher risk for non-appearance.

5. **Ongoing Investigation**: It is clear from the testimony presented in this case, this matter is not and will not be limited to the one charge pending today. Because a review of the incredibly large volume of material collected takes time, it is unclear at this moment whether the defendant produced any of the pornography, how many other charges may be filed, and the nature of any future charges. What is definite is that there will be other charges filed, as confirmed by the

Assistant United States Attorney during the hearing. A full forensic review of the vast amount of illicit materials recovered must be conducted to determine the proper charges and jurisdiction. The fact that the defendant is aware of further, and potentially more serious, charges on the horizon places him at a much greater risk for flight and non-appearance.

6. **Lack of an Adequate Third Party Custodian:** Further, the Court finds the environment in the Maryland apartment to be highly questionable in light of the fact that additional child pornography and/or child erotica was found on the computers belonging to the defendant's mother and sister, and that unsupervised sleepovers with young boys were allowed to take place in that home after the defendant's arrest for possession of child pornography. The only conclusion the Court can draw from the material found on the computers is that either the defendant accessed the images in Maryland or his mother and/or sister accessed them. Testimony from the Agent at the detention hearing revealed that at least some of the images were accessed in January 2012, while the defendant was living in the apartment and had access to the computers. In any event, the defendant either conducted illegal activity in the home he shared with his family or was living in that home where illegal activity was conducted. The Court finds the environment created in the Maryland home is not strongly grounded in deterring the defendant's illegal conduct and fostering compliance with the law. As such, the Court can not find the defendant's mother and/or sister would be adequate third party custodians in light of the activities which took place in the Maryland apartment upon his return following his arrest in Louisiana.

Additionally, the Court can not find that any condition or combination of conditions would assure the safety of the community and other persons. The defendant was in possession of between 100,000 and 500,000 images of child pornography and/or erotica. To say this amount is

extraordinary is an understatement. The incredibly large volume of material takes this case out of the realm of other cases of this nature seen by this Court and places it in the venue of an "obsession", as argued by the government. Further, even after the defendant was arrested in Louisiana, there is strong evidence suggesting he continued to access materials upon his return to Maryland. Pornographic and/or erotic images of minors were recovered on computers belonging to the defendant's mother and sister in Maryland, to which he had access. It has been established that at least some of these images were accessed in January 2012, after the defendant's arrest and return to Maryland. Additionally, we do not yet know the extent of the defendant's participation–that is, whether or not he produced or created pornography himself-- as the forensic evidence is still being investigated.

Further, the defendant participated in unsupervised overnight sleepovers with, and had free access to, his girlfriend's minor boys. Much of the pornography reviewed to date involved minor boys. The Affidavit of Agent Rebecca Kudgus revealed that the childrens' mother was unconcerned about the situation. The Court concludes from this that no protection from possible abuse was provided for these children or is likely to be provided in the future should the defendant return to that environment. Given the excessiveness of this case, coupled with the unusual fact that this defendant was allowed full access of unprotected minor boys at his home, the Court can only conclude that these particular minor boys are at risk in this case. To release the defendant, given the circumstances as a whole, would be placing these children directly in the path of possible harm.

Additionally, given the circumstances of this case, the defendant's compulsion, and the nature of the offense, the Court finds the community as a whole would be at risk should the defendant be granted release. Even if the defendant was released and never laid a hand on a child,

every time child pornography is accessed, there is a victim. And the more these images are accessed, the more they are created, and more victims are formed. Given the totality of these circumstances, the Court finds it highly unlikely that the defendant would refrain from accessing further pornography and harming the community further if he were released.

Further, the government argued that, considering the additional charges which will be filed against the defendant, the Court should view this case in the light of the presumption set forth in 18 USC section 3142(e). That is, "subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed" a crime specified under that section. At the instant stage of this case, the presumptions would not apply given the current charge. However, the government has confirmed that charges will be filed which would qualify for the rebuttable presumption set forth in that section. This Court is not in the habit of considering potential charges and hypothetical situations when determining detainment issues. However, this is an unusual case. That is, the sheer volume of materials has made this case more complicated and time is needed to conclude the review. As such, the government has not yet determined the extent and jurisdiction of the future charges. They have, as noted previously, confirmed that such charges are certain to be filed. Those charges will place this case in the realm of the rebuttable presumption set forth in 18 USC section 3142(e). From the evidence presented thus far–the massive amounts of material, coupled with the defendant's admissions to MT Hutchinson, and the totality of the circumstances in this case--it appears likely that probable cause to apply the presumption would be found. No evidence was presented by the defendant to successfully rebut such presumption. Consequently, it would be both efficient and reasonable to consider this

matter in light of that presumption. Again, the Court emphasizes that is doing so in the alternative only and is not basing its decision to detain the defendant on that section of the statute or on any presumption.

For the reasons stated above, the Order of the Magistrate Judge for the District of Maryland releasing the defendant pending removal and Trial in this matter is **REVOKED** and the defendant is **ORDERED** to be detained pending Trial.

**THUS DONE and SIGNED on this 22nd day of February, 2012.**

_____
RICHARD T. HAIK, SR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

COPY SENT
DATE 2/23/12
BY GK
TO USP
    USA Sims

 

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

## Fax Transmittal Sheet

To: Randal McCain

From: Gary Brazell

DESCRIPTION OF DOCUMENT(S) Ruling 12-00045

NUMBER OF PAGES BEING SENT INCLUDING THIS PAGE : 9

*Office of the Clerk of Court*
*800 Lafayette Street, Suite 2100*
*Lafayette, La 70501*
*(337) 593-5000 voice*
*(337) 593-5027 fax*